**07 CV**     **3273**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CASE NO.:

# JUDGE BRIEANT

|  |  |  |
|---|---|---|
| CHRISTOPHER E. BROWN, | ) | |
| an individual, | ) | |
| | ) | |
|       Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PAX VENTURES, LLC, | ) | |
| a New York Limited Liability Company, | ) | |
| | ) | |
|       Defendant. | ) | |
| _____ /) | | |

## COMPLAINT

Plaintiff, CHRISTOPHER E. BROWN, through his undersigned counsel, hereby files this

Complaint and sues PAX VENTURES, LLC, a New York Limited Liability Company, for injunctive

relief, damages, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq, ("AMERICANS

WITH DISABILITIES ACT" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.      This is an action for declaratory and injunctive relief as well as damages pursuant to Title III

of the Americans With Disabilities Act, 42, U.S.C. § 12181, et seq., (hereinafter referred to

as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331

and 1343.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3.      Plaintiff, CHRISTOPHER E. BROWN, (hereinafter referred to as " MR. BROWN"), is a

resident of the State of New York.

4.    MR. BROWN suffers from Arthrogryposis, which causes him to be confined to a wheelchair. The condition also causes atrophy in his arms, hands, shoulders and elbows, which makes it extremely difficult to reach for, grip and manipulate objects.

5.    Due to the disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6.    The Defendant, PAX VENTURES, LLC, (hereinafter referred to as "PAX VENTURES"), is registered to do business in the State of New York.   Upon information and belief, defendant is the owner, lessee, and/or operator of the real properties and improvements which are the subject of this action, to wit: the "Properties," 740 7th Avenue, New York, New York 10019, 520 8th Avenue, New York, New York 10018, and 80 West 40th Street, New York, New York 10018.

7.    All events giving rise to this lawsuit occurred in the Southern District of New York, in the County of New York.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8.    Plaintiff realleges and reavers Paragraphs 1 - 7 as if they were expressly restated herein.

9.    The Properties are places of public accommodation, subject to the ADA, located at 740 7th Avenue, New York, New York 10019, 520 8th Avenue, New York, New York 10018, and 80 West 40th Street, New York, New York 10018 in the County of New York.

10.    Between August 2005 and the present, MR. BROWN has visited the properties, located at 740 7th Avenue, New York, New York 10019, 520 8th Avenue, New York, New York 10018,

2

and 80 West 40th Street, New York, New York 10018, numerous times.

11.    During these visits, MR. BROWN experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein in paragraph 14 of this Complaint.

12.    MR. BROWN continues to desire to visit the properties, but continues to experience serious difficulty due to the barriers discussed in paragraph 14 which continue to exist.

13.    MR. BROWN plans to and will visit the properties once the barriers discussed in paragraph 14 and any other barriers have been removed.

14.    Defendant is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.302 et. seq. and is discriminating against the Plaintiff due to, but not limited to, their failure to provide and/or correct, *inter alia,* the following violations:

   **740 7th Avenue Location (corner of 49th Street):**

   A.    Inaccessible entrance to the facility due to a steep change in level without a ramp;

   B.    Inaccessible bathroom due to inadequate clear floor space, lack of proper grab bars, improper sink height, inadequate knee clearance under the sink, lack of pipe insulation under the sink, improper toilet placement and height, improper flush valve location on the toilet, and dispensers which are out of reach for Plaintiff or anyone else in a wheelchair;

   C.    Inaccessible paths of travel throughout the facility; and

   **520 8th Avenue Location (between 36th and 37th Street):**

   A.    Inaccessible bathroom due to inadequate clear floor space, lack of proper grab

3

bars, improper sink height, inadequate knee clearance under the sink, lack of pipe insulation under the sink, faucets which cannot be easily operated, improper toilet placement and height, improper flush valve location on the toilet, the latch on the inside of the restroom door is too high and out of reach for plaintiff, and dispensers/toilet paper holders which are out of reach for Plaintiff or anyone else in a wheelchair;

B.    Inaccessible route to the restroom due to obstructions along the narrow hallway, narrow door width and lack of pull side clearance at restroom entrance; and

C.    inaccessible checkout counters at the facility.

**80 West 40th Street Location:**

A.    Inaccessible bathroom due to inadequate clear floor space, lack of proper grab bars, improper sink height, inadequate knee clearance under the sink, lack of pipe insulation under the sink, faucets which cannot be easily operated, improper toilet placement and height, and dispensers/toilet paper holders which are out of reach for Plaintiff or anyone else in a wheelchair;

B.    Inaccessible route to the restroom for failure to provide a ramp where there are two steps into the restroom;

15.    The discriminatory violations described in paragraph 14 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

4

16. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

17. Plaintiff additionally intends to return to the property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

18. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, the Plaintiff demands judgment against PAX VENTURES, and requests the following injunctive and declaratory relief:

A. That the Court declares that the properties owned and administered by PAX VENTURES, are in violation of the ADA;

B. That the Court enter an Order directing PAX VENTURES, to alter the facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing PAX VENTURES, to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow PAX VENTURES, to undertake and complete corrective procedures.

D. That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems

5

necessary, just and proper.

Respectfully Submitted,

KU & MUSSMAN, P.A.
Attorneys for Plaintiff
11098 Biscayne Blvd., Suite 301
Miami, FL 33161
Tel: (305) 891-1322
Fax: (305) 891-4512
louis@kumussman.com

By: _____

KU & MUSSMAN, P.A.
Attorney for Plaintiff
J. Justin Griffin, Esq.
Of Counsel
64 Oriole Street
Pearl River, NY 10965
Tel: (845) 653-1172
Fax: (845) 623-8072
jjg10@hotmail.com
Bar No.: JG4808